DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:12-CR-485-GMN-(PAL) |
| HOPE IPPOLITI, | ) ) ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S MOTION FOR AN
INTERLOCUTORY ORDER OF SALE OF THE REAL PROPERTIES, AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, respectfully moves this Court for an Order for an Interlocutory Sale of the Real Properties located at 3320 South Fort Apache Road, #107, Las Vegas, Nevada 89117 and 7885 West Flamingo Road, #1146, Las Vegas, Nevada 89147 ("properties"). The parcels of real property are more particularly described as follows:

1. Real property located at 3320 South Fort Apache Road, #107, Las Vegas, Nevada 89117, APN #163-17-116-076, currently held in the name of the Hope Nessin-Ippoliti Revocable Living Trust, Hope Nessin-Ippoliti, Trustee. The property is more particularly described as follows:

ALL THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF CLARK, STATE OF NEVADA AND IS DESCRIBED AS FOLLOWS:
PARCEL I (COMMON AREAS):
AN UNDIVIDED 1/24 INTEREST AS TENANT-IN-COMMON IN THE COMMON ELEMENTS OF PHASE III OF PALISADES POINT (A COMMON INTEREST COMMUNITY CONDOMINIUM SUBDIVISION), AS SHOWN BY MAP THEREOF ON FILE IN BOOK 57 OF PLATS, PAGE 41, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.
EXCEPTING THEREFROM THE FOLLOWING:
ALL LIVING UNITS AND ASSOCIATION PROPERTY SHOWN IN PHASE III OF SAID PLAT OF PALISADES POINT AND AS FURTHER DEFINED IN THE DECLARATION OF RESTRICTIONS HEREAFTER SET FORTH.
AND RESERVING THEREFROM:
THE RIGHT TO POSSESSION OF ALL THOSE AREAS DESIGNATED AS EXCLUSIVE USE AREAS OF LIMITED COMMON ELEMENTS, AS SHOWN UPON THE PLAT REFERRED TO ABOVE;
AND FURTHER RESERVING THEREFROM, FOR THE BENEFIT OF THE OWNERS OF CONDOMINIUMS IN ALL SUBSEQUENT PHASES, NON-EXCLUSIVE EASEMENTS ON, OVER AND ACROSS THE ASSOCIATION PROPERTY AS
DEFINED AND SHOWN UPON THE PLAT REFERRED TO ABOVE FOR INGRESS, EGRESS, AND RECREATIONAL USE, SUBJECT TO THE TERMS AND AS MORE PARTICULARLY SET FORTH IN "DECLARATION OF COVENANTS, CONDITIONS, AND RESTRICTIONS", RECORDED ON JULY 28, 1993 IN BOOK 930728, AS INSTRUMENT NO. 00145, CLARK COUNTY, NEVADA, RECORDER, TO WHICH REFERENCE IS HEREAFTER MADE.
PARCEL II (LIVING UNIT):
LIVING UNIT 107, IN BUILDING 10, AS SHOWN UPON THE CONDOMINIUM PLAT REFERRED TO ABOVE.
PARCEL III (LIMITED COMMON ELEMENT):
THE EXCLUSIVE RIGHT TO USE, POSSESSION, AND OCCUPANCY OF THOSE PORTIONS OF THE LIMITED COMMON ELEMENTS EXCLUSIVE USE AREA BEING DESCRIBED UPON THE PLAT AS BALCONIES, PATIOS, STAIRWAYS, AND ASSIGNED PARKING SPACES, WHICH ARE APPURTENANT TO AND FOR THE EXCLUSIVE USE OF PARCEL III.
PARCEL IV (ASSOCIATION PROPERTY AND COMMON ELEMENTS):
A NON-EXCLUSIVE EASEMENT ON AND OVER THE COMMON ELEMENTS AND ASSOCIATION PROPERTY (AS DEFINED IN THE DECLARATION) FOR ACCESS, USE, OCCUPANCY, ENJOYMENT, INGRESS, EGRESS, UNDONE OF THE AMENITIES LOCATED THEREON, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION.  THIS EASEMENT IS APPPURTENANT TO PARCELS I, II AND III ABOVE DESCRIBED.
PARCEL V (PHASED AREAS):
A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS, AND RECREATIONAL USE ON AND OVER THE COMMON ELEMENTS AND ASSOCIATION PROPERTY IN SUBSEQUENT PHASES, WHICH EASEMENT IS APPURTENANT TO PARCELS I, II AND III DESCRIBED ABOVE.  THIS EASEMENT SHALL BE EFFECTIVE ONLY UNTIL RECORDATION PRIOR TO EXPIRATION OF RIGHT TO ANNEX OF A DECLARATION OF ANNEXATION DECLARING THE PHASES TO BE SUBJECT TO THE DECLARATION WHICH REQUIRES THE OWNERS OF CONDOMINIUMS IN SAID SUBSEQUENT PHASES TO BE MEMBERS OF THE ASSOCIATION.
PARCEL VI (HOMEOWNERS' ASSOCIATION):

1  ONE OWNER'S MEMBERSHIP IN THE PALISADES POINT PROPERTY ASSOCIATION, A NEVADA CORPORATION, HEREINAFTER CALLED THE ASSOCIATION.
PROPERTY ADDRESS: 3320 SOUTH FORT APACHE ROAD, UNIT 107, LAS VEGAS, NEVADA 89117, PARCEL ID: 163-17-116-076.

2.  Real property located at 7885 West Flamingo Road, #1146, Las Vegas, Nevada 89147, APN #163-21-516-258, held in the name of the Hope Nessin-Ippoliti Revocable Living Trust, Hope Nessin-Ippoliti, Trustee. This property is more particularly described as follows:

ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF CLARK, STATE OF NEVADA, BOUNDED AND DESCRIBED AS FOLLOWS:
UNIT 1146 ("UNIT"), IN BUILDING 23 ("BUILDING") AS SHOWN ON THE FINAL MAP OF RANCHO VIEJO, FILED IN BOOK 74 OF PLATS, PAGE 100, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA,
AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR RANCHO VIEJO CONDOMINIUM, RECORDED JULY 27, 2004 AS INSTRUMENT NO 4141 IN BOOK 20040727, OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("RANCHO VIEJO DECLARATION").
PARCEL II:
TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE RANCHO VIEJO DECLARATION.
PARCEL III:
TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE RANCHO VIEJO DECLARATION.
PARCEL IV:
TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE RANCHO VIEJO DECLARATION.
PROPERTY ADDRESS: 7885 WEST FLAMINGO ROAD, UNIT 1146, LAS VEGAS, NEVADA, 89147. PARCEL ID: 163-21-516-258.

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service to sell the real properties through one of its approved methods.

. . .

. . .

. . .

. . .

. . .

. . .

3

1 The ground for issuing the Order for an Interlocutory Sale is this Court is authorized to approve interlocutory sales.  This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 10th day of July, 2014.

                                                        Respectfully submitted,

                                                        DANIEL G. BOGDEN
                                                        United States Attorney

                                                        */s/DanielD.Hollingsworth*
                                                        DANIEL D. HOLLINGSWORTH
                                                        Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

A Twenty-Six Count Criminal Indictment was brought against Hope Ippoliti ("Ippoliti") on December 19, 2012, charging Ippoliti in Count One with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349; and in Counts Two through Twenty-Five with Wire Fraud in violation of 18 U.S.C. § 1343; and alleged three forfeiture allegations pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p). Criminal Indictment, ECF No. 1.

Ippoliti pled guilty to Count One of the Criminal Indictment (ECF No. 1). Plea Agreement, ECF No. 33; Change of Plea Minutes, ECF No. 31. This Court entered an Order of Forfeiture (ECF No. 37) against Ippoliti for a criminal forfeiture money judgment of $5,597,968.40 in United States Currency. The sentencing Order of Forfeiture (ECF No. 64) was entered against Ippoliti for $5,597,968.40 in United States Currency. This Court entered the Judgment in a Criminal Case (ECF No. 67) for Ippoliti with the Order of Forfeiture (ECF No. 64) attached.

On May 14, 2014, the United States filed a Sealed Ex Parte Motion to Substitute and to Forfeit Property of Hope Ippoliti (ECF No. 69), specifically parcels of real property located at 3320 South Fort Apache Road, #107, Las Vegas, Nevada 89117 and 7885 West Flamingo Road, #1146, Las Vegas, Nevada 89147 ("properties") based on the Order of Forfeiture (ECF No. 64) entered at sentencing. On May 16, 2014, this Court entered the Substitution and Forfeiture Order (ECF No. 71). On June 12, 2014, the United States Marshals Service ("USMS") took the properties into custody. Notice of Filing Service of Process, ECF No. 73.

On June 24, 2014, Ippoliti filed a Motion for Reconsideration (ECF No. 72) regarding the Substitution and Forfeiture Order (ECF No. 71). On July 10, 2014, the United States filed its Response to Ippoliti's Motion to Reconsider (ECF No. 74).

. . .

. . .

### B. Statement of Facts

Ippoliti owes a criminal forfeiture money judgment of $5,597,968.40 in United States Currency. The United States filed a Sealed Ex Parte Motion to Substitute and to Forfeit Property of Hope Ippoliti (ECF No. 69), specifically parcels of real property located at 3320 South Fort Apache Road, #107, Las Vegas, Nevada 89117 and 7885 West Flamingo Road, #1146, Las Vegas, Nevada 89147.  This Court entered the Substitution and Forfeiture Order (ECF No. 71) and the USMS took the substitute properties into custody (ECF No. 73).  The United States now requests this Court to authorize the USMS to sell the parcels of real property through one of its approved methods.  The purpose of the interlocutory sales is to liquidate the properties to allow for easier management of the assets to be used towards Ippoliti's criminal forfeiture money judgment, to reduce the cost of maintaining the properties, and to avoid damage to the properties.

## II. ARGUMENT

This Court has authority to issue the Interlocutory Order of Sale.  Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales.  "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).  The United States may move this Court to order the above-mentioned properties "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D).  These four reasons for the interlocutory sale apply in this case regarding the parcels of real property located at 3320 South Fort Apache Road, #107, Las Vegas, Nevada 89117 and 7885 West Flamingo Road, #1146, Las Vegas, Nevada 89147.  The United States may sell the parcels of real property if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any

person the court designates."). The USMS will sell the parcels of real property through one of its approved methods. Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g). The sale proceeds of the parcels of real property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id*.

## III. CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the parcels of real property located at 3320 South Fort Apache Road, #107, Las Vegas, Nevada 89117 and 7885 West Flamingo Road, #1146, Las Vegas, Nevada 89147 under the following four reasons (1) the properties are perishable and are at risk of deterioration, decay, and injury; (2) the expense of keeping the properties is disproportionate to their fair market value; (3) the properties are subject to a mortgage or to taxes on which the owner is in default; and (4) the court finds other good cause. Selling the parcels of real property through this interlocutory sale will protect the parcels of real property, preserve their value, and liquidate the properties to allow for easier management of the assets to be used towards Ippoliti's criminal forfeiture money judgment. By authorizing the interlocutory sale as discussed above, this Court

. . .

. . .

. . .

. . .

. . .

. . .

1  will protect the parcels of real property, preserve their value, and expedite the sales of the parcels of real
2  property through the USMS.
3      Dated this 10th day of July, 2014.

        Respectfully submitted,

        DANIEL G. BOGDEN
        United States Attorney

        */s/DanielD.Hollingsworth*
        DANIEL D. HOLLINGSWORTH
        Assistant United States Attorney

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED: 08/13/2014**